IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BYRON CASE**,

        Plaintiff,

v.

**DOUGLAS COUNTY OREGON ET AL**,

        Defendants.

**Civ. No. 6:21-cv-01193-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

    Plaintiff, *pro se*, brings this motion to proceed *in forma pauperis*, ECF No. 2, in an action against Douglas County, two circuit court judges, and the Douglas County Sheriff's Office. Plaintiff alleges that the state court improperly awarded his disability benefits as spousal support. Compl. 8, ECF No. 1.

    Federal Civil Procedure Rule 12(h)(3) provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). This Court may dismiss a claim *sua sponte* under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (citations omitted). Likewise, if a plaintiff proceeds *in forma pauperis*, this Court is required to dismiss "the case at any time if the court determines that" the action or appeal is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

1 – OPINION AND ORDER

Upon review, plaintiff's motion to proceed in forma pauperis, ECF No. 2, is GRANTED, but plaintiff's complaint, ECF No. 1, is DISMISSED with prejudice, and plaintiff's motion for a preliminary injunction, ECF No. 3, is DENIED as moot.

## STANDARD OF REVIEW

"In civil rights cases where the plaintiff appears pro se, [this Court] must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citations omitted). This Court must give a *pro se* litigant "leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (citations and internal quotation marks omitted). "Moreover, before dismissing a pro se civil rights complaint for failure to state a claim, [this Court] must give the plaintiff a statement of the complaint's deficiencies." *Id.*

## DISCUSSION

Plaintiff seeks damages for claims of extortion and false imprisonment, treason, due process violations, and violations of 42 U.S.C. §§ 1983 and 1985. *See* Compl. 10–14. Plaintiff's complaint centers on a July 10, 2017 judgment from Douglas County Circuit Court Judge Frances Burge awarding a lump sum of $234,000 in spousal support to Plaintiff's former spouse. Compl. Ex. 1 at 1–2. Plaintiff's appeal to the Oregon Court of Appeals was unsuccessful. *See Id*. at 10. Plaintiff was subsequently held in contempt of court for repeated refusal to pay. *Id*. at 6, 11–12.

To survive an assessment under FRCP 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under this standard, plaintiff's alleged facts must constitute "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*,

2 – OPINION AND ORDER

556 U.S. 662, 678 (2009). This Court must assume that the allegations contained in the complaint are true. *Id.*

Plaintiff's challenge is barred by the *Rooker-Feldman* doctrine, which precludes lower federal courts from hearing claims that collaterally attack prior state court decisions. *See Ignacio v. Judges of U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923).

Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to exercise appellate review over state court judgments. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858–59 (9th Cir. 2008); *see also Feldman*, 460 U.S. at 482–86; *Rooker*, 263 U.S. at 415–416. "The clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision. . . .'" *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). However, the doctrine is equally applicable to bar the federal courts "from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." *Reusser*, 525 F.3d at 859 (internal quotations and citations omitted). An action brought in federal court constitutes such an appeal if "claims raised in the federal court action are 'inextricably intertwined' with [a] state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules. *Id*. (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)). In essence, the *Rooker-Feldman* doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based

3 – OPINION AND ORDER

on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (citations omitted).

Here, Plaintiff's complaint seeks relief from a state court judgment and appeal. His current claims are also "inextricably intertwined" with the Douglas County Circuit Court decision.[1] Because no amendment to the complaint could be effective to cure this jurisdictional deficiency, Plaintiff's complaint is dismissed in its entirety.

## **CONCLUSION**

For these reasons, plaintiff's complaint, ECF No. 1, is DISMISSED, plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED, and plaintiff's motion for preliminary injunction, ECF No. 3, is DENIED.

IT IS SO ORDERED.

DATED this 9th day of September, 2021.

                                            _____s/Michael J. McShane_____
                                                **Michael J. McShane**
                                                **United States District Judge**

---

[1] To the extent Plaintiff's claim revolves around an ongoing case involving sale of Plaintiff's house for the spousal support debt, *Younger* abstention also prevents this court from wading into the issues Plaintiff raises. "*Younger* abstention is a common law equitable doctrine holding that a federal court should refrain from interfering with a pending state court proceeding." *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 669 n.4 (9th Cir. 2004) (citations omitted). *Younger* abstention applies when: (1) the state proceedings are ongoing; (2) the claims implicate important state interests; and (3) the state proceedings provide an adequate forum to raise federal questions. *Weiner v. County of Sand Diego*, 23 F.3d 263, 266 (9th Cir. 1994).